UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BERYL FISHER

VERSUS

RINGLING BROS.–BARNUM AND
BAILEY COMBINED SHOWS, INC., ET AL

CIVIL ACTION

NO. 09-032-BAJ-SCR

## RULING

This matter is before the Court on a motion by defendant, Feld Entertainment, Inc. ("Feld Entertainment"), for summary judgment (doc. 43). No opposition has been filed. Also before the Court is a motion by third-party defendant and counter-claimant, SMG, Inc. ("SMG"), for summary judgment (doc. 44). That motion is opposed by Feld Entertainment, Inc. (doc. 46) and by third-party defendant, American Home Assurance Company ("American Home") (doc. 49). Subject matter jurisdiction is based on 28 U.S.C. § 1332.

## BACKGROUND

Plaintiff, Beryl Fisher, alleges in her original complaint that, on June 27, 2008, she slipped and fell in water on the floor of the Baton Rouge River Center where she worked at the time as a human resources staffing coordinator. The complaint alleges that the water had leaked from an ice chest in a concession stand operated by Ringling Bros–Barnum & Bailey Combined Shows, Inc., which had rented the facility. Plaintiff further alleges that, as a result of the accident, she has suffered significant damages including physical and mental pain and suffering, disability, loss

of enjoyment of life and loss of income. She filed suit against Ringling Bros–Barnum & Bailey Combined Shows, Inc., on January 19, 2009, alleging that "the defendant and its employees created a hazardous condition which presented an unreasonable risk of harm to the plaintiff," and asserting that defendant is liable to her for the above damages pursuant to Articles 2315,[1] 2316,[2] 2317.1[3], and 2320[4] of the Louisiana Civil Code. (Doc. 1).

Plaintiff later moved to amend the complaint, noting that the defendant named in the original complaint "is the wrong defendant in this matter" (doc. 8). The motion was granted and plaintiff amended her complaint to list Feld Entertainment, Inc. ("Feld Entertainment"), as defendant in place of Ringling Bros–Barnum & Bailey Combined Shows, Inc. (doc. 10).

---

[1] Article 2315 of the Louisiana Civil Code provides in pertinent part that "[e]very act of man that causes damage to another obliges him by whose fault it happened to repair it.

[2] Article 2316 of the Louisiana Civil Code provides that every person is responsible for the damage he occasions not merely by his act, but by his negligence, his imprudence, or his want of skill.

[3] Article 2317.1 of the Louisiana Civil Code provides that:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case.

[4] Article 2320 of the Louisiana Civil Code provides in pertinent part that "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.

On June 4, 2009, Feld Entertainment filed a third-party complaint against SMG. The third-party complaint alleges that, as owner and/or operator of the Baton Rouge River Center and pursuant to a lease agreement between Feld Entertainment and SMG, SMG is liable to indemnify Feld Entertainment if Feld Entertainment is found liable to plaintiff, Beryl Fisher. The third-party complaint also alleges that pursuant to the lease agreement:

> (SMG) shall defend and hold harmless (Feld) and its related and affiliated companies from and against any and all claims, demands, obligations, causes of action and lawsuits and all damages, liabilities, fines, judgments, costs (including settlement costs), and expenses associated therewith (including reasonable attorney's fees and disbursements) arising from incidents which occur as a result of (SMG's) and or its agents' negligence during the period of the Engagement . . . and for which (Feld's) sole basis for liability is vicarious liability for the acts or omissions of (SMG) and/or its agents.

(Doc. 18).

On September 22, 2009, SMG filed a counterclaim and third-party complaint, naming as a third-party defendant, Feld Entertainment's comprehensive general liability insurer, American Home. The third-party complaint alleges that SMG is an additional insured under the general liability policy issued by American Home to Feld Entertainment. SMG further alleges, that, pursuant to the policy, "SMG is entitled to full indemnity, defense, costs, attorney's fees, and any other costs whatsoever relating to the defense of this action." (Doc. 24).

3

On March 25, 2010, Feld Entertainment moved for summary judgment, asserting that plaintiff, Beryl Fisher, can set forth no evidence to establish that Feld Entertainment "or its representatives had actual or constructive knowledge of any water on the floor of the Baton Rouge River Center in the area Ms. Fisher fell in the nine (9) hours before the incident, an essential element for plaintiff's action for imposition of liability on Feld" (doc. 43, pp. 1-2).

As required by Uniform Local Rule 56.1, Feld Entertainment has submitted a statement of facts that it claims are material to the motion before the Court. Because plaintiff, Beryl Fisher, has not controverted any of the material facts set forth in that statement, those facts are deemed admitted for purposes of the motion as provided by Uniform Local Rule 56.2.[5] They are as follows:[6]

1. SMG was the operator of the facility known as the Baton Rouge River Center located in Baton Rouge, Louisiana.

2. Feld is the owner, producer and operator of the circus production known as Ringling Bros. and Barnum & Bailey Circus.

---

[5]LR56.2 provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

[6]Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 is reproduced herein as submitted except that, for purposes of clarity, the statement is broken down and numbered by sentence rather than by paragraph.

4

3.  On April 2, 2008, SMG executed a Letter Agreement wherein SMG leased the Baton Rouge River Center to Feld for the presentation of Ringling Bros. and Barnum & Bailey Circus from June 26, 2008, through June 29, 2008, according to the terms of this Letter Agreement.

4.  The Letter Agreement incorporated all of the terms and conditions of the Lease Agreement dated October 29, 2007 between Feld and SMG pertaining to the lease of the Baton Rouge River Center for the presentation of Ringling Bros. and Barnum & Bailey Circus in June of 2008.

5.  On June 27, 2008, at approximately 4:00 p.m., Beryl Fisher fell outside of SMG's Administrative Office in the lobby area of the Baton Rouge River Center, a few feet from the reception desk where SMG's receptionist, Terrical Scott, was sitting.

6.  Between 6:30 a.m. and 7:00 a.m. on June [27], 2007, SMG employees, Pamela Williams and Tony Scott, cleaned up water on the floor in the lobby area, outside of SMG's Administrative Office, in the Baton Rouge River Center.[7]

7.  After the water was cleaned up, Pamela Williams made approximately ten (10) walk-through inspections of the lobby area of the Baton Rouge River Center prior to Beryl Fisher's fall at approximately 4:00 p.m. on June 27, 2008.

8.  Ms. Williams did not see any water on the floor of the lobby area of the Baton Rouge River Center during those approximately (10) walk-through inspections.

9.  Terrical Scott did not see any water on the floor of the lobby area of the Baton Rouge River Center from the time she arrived that morning until Beryl Fisher fell.

---

[7]Though Defendant's Statement of Undisputed Material Facts Pursuant to Local Rule 56.1 provides a date of June 28, 2007 in Statement Nos. 6 & 10, the reference to the 28th day of June is clearly a typographical error as Statement Nos. 7 & 10 reference events occurring prior to plaintiff's fall on June 27, 2008. Moreover, the statements in question are based on the deposition of Pamela Williams in which she recounts the events of June 27, 2008 rather than those of June 28, 2007. See (doc. 43-2, pp. 7-9 (describing events on June 27, 2008 and citing the deposition of Pamela Williams, pp. 5-30)). The evidence presented through the deposition is undisputed by defendant and the proper date is, therefore, reflected in this recitation of undisputed facts.

10. Plaintiff did not see any water on the floor of the lobby area of the Baton Rouge River Center on June [27], 2007 prior to her fall.

11. Gerson Pineda, SMG's Food and Beverage Manager, did not see any water on the floor of the lobby area of the Baton Rouge River Center prior to Beryl Fisher's fall.

12. The circus production at the Baton Rouge River Center was to begin at 7:00 p.m. on June 27, 2008 with the doors being opened to the public at 6:00 p.m. on June 27, 2008.

(Doc. 44-3).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In determining whether the movant is entitled to summary judgment, the court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997).

Because this is a diversity action, Louisiana substantive law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. V. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

The Court finds that defendant, Feld Entertainment, has properly made and supported its motion for summary judgment. After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The record demonstrates that plaintiff has neither opposed, nor responded in any way to the motion by defendant for summary judgment. Plaintiff has, therefore, not set forth any specific facts to establish genuine issues of fact with regard to the elements essential to her claim. Accordingly, the motion by defendant, Feld Entertainment, for summary judgment shall be granted and plaintiff, Beryl Fisher's claims dismissed.

The Court notes that dismissal of the underlying claim may provide the parties an opportunity to independently resolve the remaining third-party claims and cross-claims. Accordingly, the Court shall terminate the motion for summary judgment by

SMG without prejudice to SMG's right to refile the motion if the parties are unable to achieve an independent resolution of the remaining claims.[8]

## CONCLUSION

For all the foregoing reasons, the Motion for Summary Judgment by, defendant, Feld Enterprises, Inc. (doc. 43) is hereby **GRANTED** and the claims asserted by plaintiff, Beryl Fisher, against Feld Enterprises, Inc. are hereby **DISMISSED** with prejudice. The Motion for Summary Judgment by third-party defendant and counter-claimant, SMG, Inc. (doc. 44), is hereby **TERMINATED** without prejudice to the right of SMG, Inc. to refile the motion should the remaining parties be unable to independently resolve the remaining third-party claims and cross-claims.

Baton Rouge, Louisiana, January 14, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8]The parties should also be prepared to brief the Court on the matter of subject matter jurisdiction in light of the dismissal of the negligence claims.